| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------x<br><br>In re<br><br>      LEO LOO,<br><br>                      Debtor.<br><br>------------------------------------------------------------x | Hearing Date: February 1, 2010<br>                  at 9:30 a.m<br><br>Case No. 8-10-70033-reg<br><br>OPPOSITION OF WILSHIRE<br>INVESTMENT GROUP, LLC TO<br><u>EXTENSION OF AUTOMATIC STAY</u> |

      WILSHIRE INVESTMENT GROUP, LLC ("Wilshire"), by its attorneys, MILLER, ROSADO & ALGIOS, LLP, hereby opposes the motion of debtor LEO LOO (the "Debtor") to extend the automatic stay pursuant to 11 U.S.C. §362(c)(3)(B). In that connection, Wilshire alleges as follows:

      1. Wilshire is the holder by assignment of a certain mortgage (the "Mortgage") on the Debtor's residence located at 17 Chauncey Place, Woodbury, New York (the "Premises") securing a consolidated mortgage note (the "Note") dated January 5, 2005 (also assigned to Wilshire) in the original principal amount of $760,000.00 made by the Debtor to Greenpoint Mortgage Funding, Inc. and assigned to Wilshire together with the Mortgage.

      2. The Debtor's most recent filing is a textbook example of why 11 U.S.C. §362(c) was amended in 2005 to provide for termination of the automatic stay within thirty days of a chapter 7, 11 or 13 filing if a debtor had a prior case dismissed in the previous year, and is why the automatic stay should <u>not</u> be extended beyond the 30-day window afforded elsewhere in that section.

      3. The Debtor's current Chapter 13 filing represents his second deficient bankruptcy filing in approximately four (4) months on the eve of a scheduled foreclosure sale of the

Premises due to the Debtor's default under the Note and Mortgage.

4. The Debtor's first bankruptcy filing (Case No. 8-09-76272-reg), on August 25, 2009, the day of the first scheduled foreclosure auction of the Premises.

5. After the first bankruptcy filing, the Debtor:

a. **failed** to make any post-petition payments on account of the Note and Mortgage to Wilshire's predecessor-in-interest;

b. **failed** to make any pre-confirmation payments pursuant to his Chapter 13 plan;

c. **failed** to provide required information to the Chapter 13 trustee, to wit, copies of previous year's State and Federal tax returns as well as all other filings required under Section 521 of the bankruptcy code; and

d. **failed** to appear at the initial Section 341 meeting of creditors.

6. As a result of the foregoing, upon the motion of Michael Macco, Esq., the assigned Chapter 13 trustee, that case was dismissed by Order of this Court dated November 9, 2009. A copy of the dismissal Order is attached hereto as exhibit A.[1]

7. Less that two (2) months after dismissal of his initial bankruptcy filing, the Debtor filed his second deficient bankruptcy petition, this one on January 4, 2010, again on the eve of the scheduled January 5, 2010 foreclosure sale of the Premises.

8. Even more egregious than his deficient first filing, this latest "bare bones" filing is utterly deficient insomuch as the Debtor failed to file (i) the required Certificate of Credit

---

[1]In his application to extend the automatic stay in this action, the Debtor purposefully misrepresents the reason for the dismissal of his previous bankruptcy filing as caused by an unexpectedly large tax claim that made his Chapter 13 plan not feasible. Instead, as the trustee's motion confirms, the Debtor's case was dismissed due to his failure to abide by bankruptcy court requirements.

Counseling, (ii) Statement Pursuant to Local Bankruptcy Rule 1073-2(b), (iii) Disclosure of Compensation Pursuant to Federal Bankruptcy Rule 2106(b), (iv) Pre-petition Statement Pursuant to Local Bankruptcy Rule 2017-1, (v) Summary of Schedules, (vi) any of the Schedules, (vii) the Statement of Financial Affairs, (viii) the Chapter 13 plan, (ix) the Statement of Monthly Income and Disposable Income Calculation and (x) copies of pay statements.

9. Despite notice from the Court that many of these items were due within 14 days of the filing, upon information and belief none of such items have been filed with the Court.

10. Despite the bad faith exhibited by the Debtor in this and in his previous filing, the Debtor brazenly comes to this Court seeking to have it exercise its equitable powers and extend the automatic stay. This request should be denied in its entirety.

11. Aside from the Debtor's failings noted above, the Debtor has also failed as follows:

a. the Debtor has failed to make any payments whatsoever on the Note and Mortgage since August 1, 2006 and although a formal proof of claim has not been filed yet in this action, the total amount due by the Debtor to Wilshire is approximately $1,100,000, roughly the value of the Premises itself leaving Wilshire potentially in a partially unsecured position;

b. the Debtor purposefully misrepresented the amount of his pre-petition arrears with respect to the Note and Mortgage in his prior filing as $75,000 when in actuality such arrears were approximately $261,197.49 presumably in an attempt to make his Chapter 13 plan appear feasible; and

c. the Debtor failed to list at least one substantial judgment creditor, 80 Smith Street Associates LLC, again presumably in an attempt to make any proposed Chapter 13 plan feasible, despite the fact that it holds a recorded judgment in the amount of $59,062.76 (see Exhibit B

hereto).

12. Against this background, the Debtor's current application, in a misguided attempt to establish the "good faith" of this filing, is nothing more than a series of self-serving, unverifiable allegations solely regarding his supposedly improved financial condition that even if true demonstrate nothing of the sort and are in any event insufficient to demonstrate that the current filing is made in good faith. For example, the Debtor claims:

a. that he and his account are working to "verify" the IRS tax claims which he unilaterally and without support believes are too high;

b. his mother supposedly has agreed to contribute to any plan (which is not even filed) although there is no affidavit or other supporting documentation from her in that respect;

c. that his expenses have decreased because one of his children is in college - as illogical as that sounds; and

d. that he has substantial equity in the Premises and can, if necessary, sell it quickly as if this has some impact on the good faith of his filing.

The Debtor utterly fails to address any of the other indicia of whether his current filing is in good faith and thus has not remotely demonstrated his entitlement to extend the automatic stay.

13. The simple truth, as set forth previously herein, is that the current filing is in bad faith because the Debtor's previous filing was dismissed due to (i) his failure to file required documents without substantial excuse, (ii) his failure to provide adequate protection and (iii) his failure to confirm let alone complete a plan.

14. Given the bad faith filing of the Debtor's current petition, the Debtor's motion to extend the automatic stay should be denied in all respects.

WHEREFORE, Wilshire respectfully requests that this Court deny the Debtor's motion in its entirety and grant Wilshire such other and further relief as this Court deems just and proper.

Dated: Mineola, New York
       January 27, 2010

MILLER, ROSADO & ALGIOS, LLP

By  s/Christopher Rosado
   Christopher Rosado (CR-5470)
Attorneys for Wilshire Investment Group,
   LLC
200 Old Country Road, Suite 590
Mineola, New York 11501
(516) 512-0200

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
                                                           Case No. 8-10-70033-reg

In re

    LEO LOO,                                        <u>AFFIDAVIT OF SERVICE</u>

                Debtor.

--------------------------------------------------------x

STATE OF NEW YORK)
                      ss.:
COUNTY OF NASSAU )

    REGINA ALLEN, being duly sworn deposes and says:

    I am not a party to this action, am over 18 years of age and reside at Queens, New York.

    On January 27, 2010, I served the Opposition of Wilshire Investment Group, LLC to Debtor's Motion to Extend Automatic Stay, by depositing a true copy thereof in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

                              LEO LOO
                              17 Chauncey Place
                              Woodbury, New York 11797


                              RONALD D. WEISS, ESQ.
                              734 Walt Whitman Road, Suite 203
                              Melville, New York 11747

MICHAEL J. MACCO, ESQ.
135 Pinelawn Road
Suite 120 South
Melville, New York 11747

DIANE ADAMS, ESQ.
Office of the United States Trustee
Long Island Federal Courthouse
560 Federal Plaza, Rm. 560
Central Islip, New York 11722

        s/ Regina Allen
        REGINA ALLEN

Sworn to before me this
27th day of January, 2010

 s/Christopher Rosado                  CHRISTOPHER ROSADO
NOTARY PUBLIC                       NOTARY PUBLIC, State of New York
                                            No. 4951781
                                            Qualified in Nassau County
                                            Commission Expires May 30, 2011